[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16146
Non-Argument Calendar

_____

D.C. Docket No. 6:05-cr-00018-JRH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY ANFIELD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 7, 2017)

Before MARCUS, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jimmy Anfield appeals the denial of his motion for reconsideration of his motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2).

As an initial matter, the government argues that we should dismiss the appeal because the motion for reconsideration was untimely and, therefore, the appeal of its denial was also untimely.  Although Anfield's appeal is untimely for the denial of his initial § 3582(c)(2) motion, we do not dismiss his appeal on his motion for reconsideration; he filed his notice of appeal within 14 days of the district court denying it.

About the substance of the appeal, Anfield argues that the district court abused its discretion because it based the denial on erroneous facts – to be specific, that he had already received a sentence reduction to 137 months' imprisonment and that he was still serving a sentence for his conviction under 18 U.S.C. § 922(g)(1).  His argument is incorrect.  Assuming arguendo that the district court had jurisdiction to hear his untimely motion (i) the district court did not find that the total sentence had already been reduced; and (ii) the district court correctly concluded that his guideline range was controlled by the offense level for his § 922(g)(1) conviction.

2

To explain in more detail, we conclude that the district court did not abuse its discretion when it denied the motion to reconsider.  First, contrary to Anfield's argument on appeal, the district court found that his guideline range had been reduced to 110 to 137 months, <u>not</u> that his total sentence had been reduced to 137 months.  Second, Amendment 782 did not change Anfield's guideline range. Although he may have completed the 120-month custodial term originally imposed for the firearm offense, the district court was required to apply the amendment as if it had applied on the day he was sentenced and leave all other guideline application decisions unaffected.

So, we affirm the denial of Anfield's motion to reconsider the denial of his § 3582(c)(2) motion.

**AFFIRMED.**